# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYNERGEN INC.,
a Michigan Corporation
    Plaintiff/ Counter-Defendant,

v.

FCA US LLC, f/k/a CHRYSLER
GROUP LLC,
a Delaware limited liability company,
    Defendant/Counter-Plaintiff,

v.

UUSI, LLC, d/b/a Nartron Corporation
A Michigan limited liability company,
    Third-Party Defendant.

Case No. 16-cv-11842
Hon. Matthew F. Leitman

**Second Rule 53 Report**

_____/

## SECOND RECOMMENDATION OF UNRESOLVED DISCOVERY DISPUTES

## MOTION TO QUASH THE SUBPOENAS TO JVIS ENTITIES, AND JUNE 9, 2017 REQUEST FOR PRODUCTION DIRECTED TO NARTRON

On March 28, 2017 Judge Matthew F. Leitman appointed a Special Master to resolve discovery disputes. Pursuant to Federal Rules of Civil Procedure 53, the court-appointed Richard Hathaway as the Special Master. Moreover, on June 6, 2017, these discovery issues were referred to the Special Master.

The Special Master had the opportunity to review the parties respective motions, responses, and supporting exhibits, as well as the first and second supplemental briefs, responses and supporting exhibits.

On May 9, 2017, Defendant FCA US LLC ("FCA US") issued subpoenas to nonparties JVIS Manufacturing LLC and JVIS – USA, LLC ("JVIS Entities"). On May 11, 2017, Plaintiff

Synergen Inc. ("Synergen") and third-party defendant UUSI LLC d/b/a Nartron Corporation ("Nartron")(recently dismissed) filed a Motion to Quash the May 9, 2017 subpoenas.

On June 9, 2017 FCA US issued a Request for Production to Nartron and on June 12, 2017 FCA US issued additional subpoenas to the JVIS Entities.

What is at issue here is FCA US's claim that Nartron was "double dipping." Specifically, FCA argues that Nartron should not be permitted to seek the termination damages from both FCA US in this cause of action and from JVIS Entities in a lawsuit in Macomb County. FCA US claims that Nartron is seeking to "double dip" on its tooling, equipment and obsolescence and other damages.

FCA US argues that Nartron fails to mention that in the Macomb County lawsuit, Nartron made its Jeep Cherokee (WK program) parts for JVIS at the same facility in Reed City, Michigan where it also manufactured the fuel pump control modules ("FPCM") for FCA US in the instant lawsuit for the Dodge Ram (DS program).

JVIS sought the extent of the overlapping in the Macomb County lawsuit and now FCA US's seeks to discover the extent of overlap, because it has a direct bearing on "double dipping" by Nartron and Nartron's request for damages.

## STANDARD OF LAW

Parties may obtain discovery regarding any nonprivileged matter relevant to a claim or defense of any party. Federal Rule of Civil Procedure 26(b)(1). In addition, relevant discovery information need not be admissible at trial but need only be reasonably calculated to lead to the discovery of admissible evidence. *Coleman v. American Red Cross*, 23 F3d 1091, 1097 (6th Cir. 1994). The rules of discovery should be construed in an effort to facilitate trial preparation and to further the ends of justice and the discovery process should promote the discovery of the facts and circumstances of the controversy, not aid in their concealment.

The party seeking to quash a subpoena bears the burden of demonstrating that the requirements of Federal Rule of Civil Procedure 45 are satisfied. *Hendricks v. Total Quality Logistics, LLC,* 275 FRD 251, 253 (SD Ohio 2011). Further, a party does not have standing to quash a subpoena directed to a non-party unless the party claims a privilege, proprietary interest, or personal interest in the information sought by the subpoena. The party seeking to quash a subpoena bears a heavy burden of proof. *Malibu Media, LLC v. Doe,* 2015 US Dist Lexis 53784, at *4, 2015 WL 1886210 (ED MIch 2015).

## Conclusions

FCA US contends that Nartron and Synergen admit that there is some overlapping; however, they demand that FCA US and JVIS pay common costs and expenses as damages in the current lawsuit and in the Macomb county lawsuit. Moreover, Nartron argues that the only reason FCA is requesting information from JVIS is to gain access to confidential information.

FCA argues that in the JVIS case, Macomb County Circuit Judge Viviano addressed the issue of relatedness between the WK and DS programs. The Judge ruled that the DS and WK programs are related and that discovery be permitted regarding the DS program. FCA US asserts that it is asking for the flipside of the coin and that discovery be permitted regarding damages sought for the WK program in order to avoid any "double dipping."

Again, FCA US argues that Nartron admitted that it used some of the same tooling/equipment and materials to manufacture circuit boards for both parts and is attempting to double bill these cost to both FCA and JVIS.

A motion to quash or modify a subpoena is governed by Federal Rule of Civil Procedure 45(d)(3). When deciding whether to quash or modify a subpoena, the court must consider the relevance of the discovery sought, the requesting party's need and the potential hardship to the party subject to the subpoena. Furthermore, a party has no standing to seek to quash a

subpoena directed at a non-party unless the moving party can demonstrate a claim of privilege or personal right. Nartron has not submitted any affidavits, documentation or offered any proofs to show privilege, proprietary interest or personal interest in the information sought.

After reviewing all the documentation and case law submitted, the Special Master finds that the information sought by FCA US from the JVIS Entities is highly relevant and discoverable to this lawsuit and FCA US is entitled to the information requested.

The Special Master finds that Synergen's Motions to Quash is denied as to the JVIS entities because they lack standing to object on the basis of relevance and overbreadth. Moreover, Synergen and Nartron did not proffer to this Special Master anything that demonstrates a privilege or personal right to the information sought. Additionally, the JVIS Entities have not objected to the subpoenas.

Therefore, the Special Masters preliminary ruling is as follows:

(1) Synergen and Nartron's Motion to Quash Subpoenas to JVIS Entities as to the seven narrowed document requests that are the subject of the Protection Order is DENIED. JVIS shall respond and produce responsive documents to the seven narrowed document requests, specifically 3, 4, 5, 7, 8, 10 and 21.

(2) Synergen and Nartron's Motion to Quash Subpoenas to JVIS Entities as to the the sixteen remaining unresolved requests is DENIED. JVIS shall respond and produce responsive documents to all sixteen requests, specifically 1-2, 5, 6, 9 and 11-20.

(3) FCA US's request for a full and complete responses and responsive documents to the remaining 15 discovery requests issued to Nartron is GRANTED. Nartron shall respond and produce responsive documents as to the remaining requests, specifically 1-2, 5, 6, 9 and 11-20.

Responses to all requests shall be submitted by August 21, 2017.

Dated: August 5, 2017

*s/ Richard Hathaway*
SPECIAL DISCOVERY MASTER
RET. JUDGE RICHARD P. HATHAWAY